THE STATE v. KOPPER, APPELLANT.

**Criminal Law:** PLEADING: INDICTMENT AGAINST CONSTABLE FOR FAILURE TO COLLECT ROAD TAX.　An indictment against a constable for failing to collect a road tax, placed in his hands for collection by the overseer, is worthless, if it omits to allege the making of an order by the county court, designating the number of days each person, liable to work on public roads, shall work.

*Appeal from Cape Girardeau Circuit Court.*—HON. D. L. HAWKINS, Judge.

*Lewis Brown,* for appellant.

It has been frequently held by this court that all inferior tribunals, not proceeding according to the course of the common law, must pursue their authority strictly, and that their jurisdiction must appear upon the face of their proceedings, or all of their acts will be held *coram non judice.*　Hence, it was necessary for the indictment to aver that the county court at its May term had designated, by order, the number of days each person, liable to work on

the road, should work. Without such order the road overseer had no authority, whatever; and this order, alone, creates the liability of the citizen.

*J. L. Smith*, Attorney General, for the State.

The defendant was indicted under Section 21, p. 488, 1 Wag. Stat. The indictment pursues the language of the statute, and contains every necessary averment to constitute the offense charged. The right of the overseer to work roads is not dependent solely upon the action of the county court to designate at the May term of each year the number of days roads shall be worked. The failure of the court to perform this duty would not deprive the overseer of his right to work the roads. He is required to work the roads whenever in his judgment there is such a necessity, and is liable to indictment if he fails to do so. Sec. 25, p. 138, and Sec. 31. p. 141, Acts of 1874.

SHERWOOD, C. J.—Defendant, a constable in Cape Girardeau county, was indicted for misdemeanor in office, under section 21, W. S. 488, for failing in his official capacity to collect a road tax placed in his hands for collection, by Martin, the overseer. The trial had resulted in conviction, causing this appeal. The indictment is worthless, and in consequence, the conviction cannot be maintained. Under the act approved March 9, 1874, (Sess. Acts 139, Sec. 21), the county courts are required at the May term in each year, to "designate by order the number of days each person, liable to work on public roads, shall work." It is quite too obvious for argument, that until the making of such order, the road overseer would be powerless to take any step in the premises, possessing validity. This being so, it of necessity follows, that the indictment should have alleged the making of the order. For aught that appears on the face of that instrument, the delivery to the constable of the list mentioned in section 25 of the act referred to, was altogether unauthorized, consequently no

liability resulted to the defendant because of his failure to make the desired collection. Other points of objection might be successfully urged against the indictment, but what has been already mentioned is sufficient to reverse the judgment, which is accordingly done. All concur.

REVERSED.